JEFFREY AARON COHEN, ESQ.
STATE BAR NO. 186420
LAW OFFICE OF JEFFREY A. COHEN
15338 CENTRAL AVENUE
CHINO CA 91710
TELEPHONE: (310) 650-6015
E-MAIL:  JAC@COHEN-LAWFIRM.COM

Attorney for plaintiff SAUL MARKOWITZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| SAUL MARKOWITZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BURBANK, a municipality; MICHAEL ALBANESE, individually and as the City of Burbank Chief of Police,<br><br>Defendants | CASE NO.  2:24-CV-00047<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff Saul Markowitz alleges:

**PARTIES AND GENERAL ALLEGATIONS**

1. At all times relevant hereto plaintiff SAUL MARKOWITZ is and was an individual and a resident of the City of Burbank, State of California.

2. At all times relevant hereto defendant CITY OF BURBANK ("City of Burbank" or "defendant") is and was an incorporated city in the County of Los Angeles, State of California, and the governing body responsible for the issuance

1
COMPLAINT

and administration of concealed firearm permits in the City of Burbank.

3.   At all times relevant hereto defendant MICHAEL ALBANESE ("Albanese" or "defendant") is and was an individual and the Chief of Police for the Burbank Police Department.  Plaintiff is informed and believes that defendant Albanese is a resident of the County of Los Angeles, California.

4.   The true names and capacities, whether individual, associates, corporate or otherwise, of the defendants named herein as DOES 1 to 50, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

5.   This court has subject matter federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the claims asserted in this complaint are based on federal laws and the United States Constitution.

**6.**   Venue in this court is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because it is the judicial district in the defendants reside, and also because it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

7.   On or about March 16, 2023 plaintiff applied for a license to carry a concealed firearm with the City of Burbank through the Burbank Police Department (the "CCW Application").

8.   Plaintiff was truthful in his CCW Application and answered all of the questions truthfully as he understood them.

9.   In response, the City of Burbank asked plaintiff to come to the police station for an interview as part of the application process.

10.   The interview took place on May 9, 2023 at the Burbank Police

Department before two (2) City of Burbank detectives Messrs. Anderson and Murphy. Said officers at that time asked plaintiff about whether plaintiff had ever been arrested in his life.

11. Plaintiff responded "no" but that he had been detained twice in the past, in approximately 1989 and 1999.

12. The officers asked plaintiff why he answered "no" to the question on the CCW Application that asked for any prior arrests.

13. Plaintiff explained that he understood that if a person is taken into custody and then released without charges that it is not an arrest, but rather a detainment. Since that is what happened to plaintiff in 1989 and 1999, he understood that was not arrested and that's why he wrote "no" on the application.

14. In addition, the CCP Application does not ask whether the applicant has had any detainments.

15. Plaintiff nevertheless disclosed these prior 1989/1999 detainments to the interviewing officers at the May 9, 2023 interview, and amended the CCW Application at that time to reflect these disclosures.

16. Furthermore, since 1989 and 1999, plaintiff's background has been live scanned without incident. Indeed, plaintiff was approved to become an armed security guard. To be clear, the live-scan revealed plaintiff's background including the 1989 and 1999 detainments, and it was of no consequence as the security guard license was issued without any finding of poor moral character.

17. Nevertheless, defendants City of Burbank and Michael Albanese wrote to plaintiff on or about June 10, 2023, explaining that plaintiff's application for a CCW was denied because he failed to <u>disclose his arrest history on the application</u> and therefore <u>lacked "good moral character"</u>.

///

///

18. Plaintiff has no criminal background, no criminal convictions, no history of domestic violence, and no restraining orders issued against him.

19. In fact, plaintiff has been a model citizen. In 1984 at the age of 22, plaintiff volunteered as a search and rescue pilot for a year with the Civil Air Patrol aka the United States Air Force Auxiliary.

20. In addition, for the last 35 years plaintiff has donated to several different animal rights organizations. In recognition of plaintiff's long-standing volunteer work for animal rights, the president of Last Chance for Animals commended plaintiff and autographed his book for plaintiff as a thank you for all of the time plaintiff put in volunteering and donating.

21. Indeed, plaintiff has not received so much as a parking ticket in 20 years.

22. In sum, there is nothing that would justify the defendants' conclusion that he lacks good moral character to deny his constitutional rights to carry a fireman protected by the United States Constitution, the 2nd, 5th, 14th Amendments to the United States Constitution, and plaintiff's due process rights.

23. Whereas, plaintiff is informed and believes that the City of Burbank has not issued any concealed carry permits in its entire history of a city since approximately the year 1911, which is part of a policy, pattern and practice by the City of Burbank to categorically deny any and all ccw applications, irrespective of the qualifications of the applicant.

**FIRST CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHTS GUARANTEED BY THE SECOND AND FOURTEENTH AMENDMENTS IN VIOLGATINO OF 42 U.S.C. § 1983**
**(Against All Defendants)**

24. Plaintiff incorporates herein by reference the allegations of paragraphs 1-23.

25. Defendants' denial of plaintiff's CCW Application was made in

violation of plaintiff's rights under the second and fourteenth amendments to the United States Constitution.

26. Defendants acted under the color of state law when denying plaintiff's rights.

27. Defendants' actions are therefore in violation of 42 U.S.C. § 1983.

28. Defendants' actions proximately caused plaintiff damages, including mental pain and suffering, for which damages are recoverable exceeding $3,000,000.00

29. Plaintiff is also entitled to injunctive relief, including but not limited to an order directing the defendants to issue plaintiff the CCW license.

30. Plaintiff is also entitled to recover his reasonable attorney's fees.

**SECOND CAUSE OF ACTION FOR WRONGFUL DENIAL OF PLAINTIFF'S APPLICATION FOR A LICENSE TO CARRY FIREARMS PURSUANT TO CALIFORNIA PENAL CODE § 26150 WITHOUT MINIMAL DUE PROCESS PROTECTION, AS GUARANTEED BY THE SECOND, FIFTH AND FOURTEENTH AMENDMENTS, AND IN VIOLATION OF 42 U.S.C. § 1983 (Against All Defendants)**

31. Plaintiff incorporates herein by reference the allegations of paragraphs 1-23.

32. Defendants' denial of plaintiff's CCW Application was made in violation of plaintiff's rights under California Penal Code § 26150, in violation of plaintiff's due process rights as guaranteed by the second, fifth and fourteenth amendments to the United States Constitution and in violation of 42 U.S.C. § 1983.

33. Defendants acted under the color of state law when denying plaintiff's rights.

34. Defendants' actions are therefore in violation of 42 U.S.C. § 1983.

35. Defendants' actions proximately caused plaintiff damages, including

mental pain and suffering, for which damages are recoverable exceeding $3,000,000.00.

36. Plaintiff is also entitled to injunctive relief, including but not limited to an order directing the defendants to issue plaintiff the CCW license.

37. Plaintiff is also entitled to recover his reasonable attorney's fees.

**THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF: CITY OF BURBANK AND MICHAEL ALBANESE WRONGFULLY DENIED PLAINTIFF'S CCW APPLICATION**
**(Against All Defendants)**

38. Plaintiff incorporates herein by reference the allegations of paragraphs 1-23.

39. A justiciable controversy exists concerning the lawfulness and constitutionality of defendants' denial of plaintiff's CCW Application on the grounds that he lacks good moral character because he allegedly "failed to disclose" his "prior arrests" on the application – even though plaintiff disclosed these prior detainments at the interview.

40. For these reasons plaintiff seeks a declaratory judgment finding that defendants' denial of plaintiff's CCW Application was made in violation of plaintiff's rights under California Penal Code § 26150, in violation of plaintiff's due process rights as guaranteed by the second, fifth and fourteenth amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983; and that plaintiff is entitled to recover damages against defendants in an amount exceeding $3,000,000.00.

**FOURTH CAUSE OF ACTION FOR VIOLATION OF THE EQUAL PROTECTION AND SUBTANTIVE DUE PROCESS CLAUSE UNDER THE 14TH AMENDMENT**
**(Against All Defendants)**

41. Plaintiff incorporates herein by reference the allegations of paragraphs 1-23.

42. Defendants' denial of plaintiff's CCW Application was made in violation of plaintiff's substantive due process rights under fourteenth amendment to the United States Constitution.

43. Defendants acted under the color of state law when denying plaintiff's rights.

44. Defendants' actions proximately caused plaintiff damages, including mental pain and suffering, for which damages are recoverable exceeding $3,000,000.00.

45. Plaintiff is also entitled to injunctive relief, including but not limited to an order directing the defendants to issue plaintiff the CCW license.

46. Plaintiff is also entitled to recover his reasonable attorney's fees.

**WHEREFORE**, plaintiff prays for judgment against defendants, jointly and severally, as follows:

1. For special, general and compensatory damages in the amount of $3,000,000.00.

2. For costs of suit, including reasonable attorney's fees allowed by law.

3. For declaratory relief.

4. For injunctive relief directing the City of Burbank and Michael Albanese to issue plaintiff a concealed carry permit.

5. For general relief and such further relief the Court deems proper.

Dated:  January 3, 2024            LAW OFFICE OF JEFFREY A. COHEN

                                      *s/JEFFREY A. COHEN*
                                Jeffrey A. Cohen, attorney for plaintiff
                                SAUL MARKOWITZ

///

///

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for this action.

Dated:  January 3, 2024          LAW OFFICE OF JEFFREY A. COHEN

                                            *s/JEFFREY A. COHEN*
Jeffrey A. Cohen, attorney for plaintiff
SAUL MARKOWITZ